1. WILLS (§ 539*)—CONSTRUCTION—BENEFICIARIES—"GIFT."
    A bequest by a holographic will to A. or his child of an interest in certain real estate is a gift to A. or his child, if A. dies before testatrix
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1163; Dec. Dig. § 539.*
    For other definitions, see Words and Phrases, vol. 4, pp. 3084–3087; vol. 8, p. 7670.]

2. WILLS (§ 681*)—CONSTRUCTION—LIFE ESTATE—"GIFT."
    A devise of certain real estate to B. in trust for his children, B. to have the income for life, is a gift to B. with remainder to his children.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1599–1601, 1612, 1613; Dec. Dig. § 681.*]

3. WILLS (§ 560*)—CONSTRUCTION—BEQUEST OF DEED.
    A bequest of the deed of certain real estate is only a gift of such instrument.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1216–1220; Dec. Dig. § 560.*]

4. WILLS (§ 820*)—PECUNIARY LEGACY—PAYMENT FROM PERSONALTY.
    A pecuniary legacy is primarily payable from the personal estate.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119, 2121; Dec. Dig. § 820.*]

In the matter of the probate of the will of Lillian M. Lane, deceased. Probate decreed.

―――――――――――――――――――――――――――――――――――――――――――――――――――――――
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. J. Keogh, of New York City, for Lillian Lane Kelly, executrix and proponent.

Dexter, Osborn & Fleming, of New York City, for Mabel Hassell, Florence G. Hassell, and Erwin E. Hassell.

Cornelius Doremus, of Ridgewood, N. J., for Walter A. Lane.

A. C. Mayo, for Katherine Lane Gorham, Edith Gorham, and Geneva Gorham Wall.

Joseph A. Keenan, of New York City, special guardian for Lillian G. Kelly, an infant.

John F. Canavan, of New York City, special guardian for Marian Kelly, Ethel Kelly, and Helen Kelly, infants.

KETCHAM, S.   The will is in the handwriting of the testatrix, and its phrases, though borrowed from legal examples, are almost unintelligible.   Its first paragraph, the form of which is reproduced in later provisions, is as follows:

"First. I give and bequeath to Walter A. Lane, or his child, one quarter interest or share, in the house No. 46 Fourth place, in the city of Brooklyn, N. Y."

There are several paragraphs, of which the following is a type:

"Fourth. I give devise and bequeath, to my Goddaughter, Lillian Lane Kelly, The deed, with one quarter interest or share of the house No. 46 Fourth Place, City of Brooklyn, to be held by her, in trust for her children the use and interest of it, to be hers during her lifetime."

The seventh and eleventh paragraphs are as follows:

"Seventh. I give, devise, and bequeath, to my dear little God-daughter, Lillian G. Kelly, Two thousand dollars, with deed of No. 18 Fourth Place, City of Brooklyn, N. Y. The interest of same to be used by her if necessary. This money represents the legacy left me by my grandmother, Mary Lane, and I leave it to the one who truly loves me, for myself."

"Eleventh. All the rest and residue of my estate, to be invested in No. 18 Fourth Place, the interest of same, after expenses of keeping the property are paid, to be given to Lillian Gorham Kelly, during her lifetime. The principal to be divided among her heirs."

There is then an appointment of two executors.

There is but one construction which will save the first paragraph from utter failure.   Unless it can mean a devise to the parent named, and in the alternative to his child in case of his death, no effect can be given either to the particular provision or to five other attempted gifts in the will.

[1] Each of these efforts of the testatrix to make a disposition of her estate must be indulgently regarded, and the first commanding thought is that nobody can sanely doubt that the testatrix meant to make gifts in each case to a parent if he survived her and to his child or children if he did not so survive.   Language which would be understood by all mankind to be adequate to a given result must not only be taken to represent a subjective purpose in the mind of the testator, but must be considered as a sufficient record of such purpose.   It will be found that these gifts did not fail, but they can be effectuated as gifts to the

legatee named, or to his child or children in case of his death in the lifetime of the testatrix.

[2] The devises to one to be held in trust for his children, with a direction that the legatee named shall have the income during his life, must be construed as gifts to the person first named for life, with remainder to his children.

[3] In the seventh paragraph the gift of the deed to premises mentioned can be no more than a bequest of the instrument. In grammatical effect that is all that it can mean, and in the vocabulary of the testatrix, as established in two other paragraphs of the instrument, it is given that meaning unquestionably.

[4]. The legacy of $2,000 in the seventh paragraph is primarily payable out of the personal estate. There is no word or intimation in the will by which it is charged upon the real estate. In the eleventh paragraph there is an implied trust, and therefore a devise in trust to the executors named, under which they are to take possession of the residue, including the house, 19 Fourth Place, invest the same in the house mentioned, pay the expenses of keeping the property, pay the income to the person named during her lifetime and the principal of the residue is to be divided equally among the heirs of the life tenant.

The decree of probate will embody a construction accordingly.

Decreed accordingly.